UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| THOMAS F. PUCKETT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-01958-GMN-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| NEAL SCHNOG, et al., | ) | **O R D E R** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants' Neal Schnog and New Day Broadband, LLC's Motion for Stay (#19). The Court has considered the Defendants' Motion (#19), the Plaintiffs' Response (#21), and the Defendants' Reply (#22).

**BACKGROUND**

This dispute concerns a contractual agreement between the parties. According to the Defendants, the contract contains an arbitration provision that is binding and governs this dispute. Additionally, the Defendants argue that this suit is duplicative of a case the Plaintiffs filed in Kansas, and the Kansas court has already enforced the arbitration provision and stayed the case. Accordingly, on December 18, 2012, the Defendants moved to dismiss this case or, in the alternative, to have the arbitration provision enforced. Motion to Dismiss (#12).

Presently, the Defendants move to stay this case pending a decision on the Motion to Dismiss. Motion to Stay (#19). The Plaintiffs oppose staying the case. Response (#21). The Plaintiffs assert that a stay is not appropriate because, they argue, the Motion to Dismiss (#12) will not be successful and, further, the Defendants "waived" any right to request a stay by signing the Stipulated Discovery Plan and Scheduling Order (#16). Response (#21).

**DISCUSSION**

I.     **Stay of Discovery Pending Motion to Dismiss**

The pendency of a motion to dismiss alone does not in itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011). To determine whether this requirement is met, the Court employs a two-part test: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio,* 288 F.R.D. at 506; *citing e.g., Mlejnecky,* 2011 WL 489743, at *6. Therefore, as a threshold matter, the movant must establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Tradebay,* 278 F.R.D at 601.

     **A.**    **Whether Pending Motion to Dismiss is Potentially Dispositive**

Here, the Defendants have moved to dismiss the Complaint in its entirety pursuant to the *Colorado River* Doctrine or, in the alternative, to compel arbitration pursuant to Nevada law. Under the *Colorado River* doctrine, "In exceptional circumstances, the court may stay or dismiss an action where there are 'substantially similar' concurrent state court proceedings." *Casablanca Resorts, LLC v. Backus*, 2007 WL 951946, *1 (D. Nev. March 28, 2007) (citing *Colorado River Water Conservation Dist. United States*, 424 U.S. 800, 817 (1976). However, when a case only involves questions of state law, the requirement for exceptional circumstances does not apply. *Southwest Circle Group, Inc. v. Perini Bldg. Co.*, 2010 WL 2667335, *1 (D. Nev. June 29, 2010) (holding "[w]hile exception under *Colorado River* is limited to 'exceptional circumstances,' . . . such a limitation only relates to cases which involve questions of federal law.")

In order for a federal court to abstain, there must be a parallel or substantially similar state court proceeding. *Security Farms v. Int's Broth. Of Teamsters, Chauffers, Warehousemen, &*

- 2 -

*Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997).  The *Colorado River* doctrine requires a federal court to abstain from exercising jurisdiction during the pendency of state court proceedings when necessary to promote "wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation." *Southwest Circle Group*, 2010 WL 2667335, *2 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989)).

To determine whether dismissal is appropriate, the court considers the following factors: "(1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights." *Casablanca Resorts*, 2007 WL 951946, *1(citing *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir.1989).  These factors should be "applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'"  *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988)

The first two factors are not applicable in this situation. However, a preliminary evaluation of the latter four factors indicates they weigh in favor of dismissal.[1]  Accordingly, under the *Colorado River* doctrine, the Motion to Dismiss is potentially dispositive to the entire case. If the District Court Judge concludes that this case and the Kansas State Court case are substantially similar, under the *Colorado River* doctrine, this case may be dismissed.  Thus, the pending Motion to Dismiss is potentially dispositive to the entire case.

**B.     Whether Additional Discovery is Necessary to Decide Motion to Dismiss**

Once a party has met the threshold requirement, the court must consider whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio*

---

[1] In applying the two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Ministerio,* 288 F.R.D. at 504. However, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. *Id*. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. *Id*. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome.

*Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500 (D. Nev. 2013); citing *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *6 (E.D.Cal. Feb. 7, 2011).

Here, the Plaintiff's claims and the Defendant's Motion to Dismiss rely heavily on the contractual agreements between the parties and the Kansas court decision relating to the arbitration provision. *See* Docket No. 12. The Plaintiffs assert that the Defendants breached their contractual agreement and that the arbitration agreement does not apply because of other contractual agreements the parties have entered. Response (#21). In contrast, the Defendants assert that the arbitration agreement does apply and that this action is duplicative of the Kansas suit. Motion to Dismiss (#12) and Motion to Stay (#19). Accordingly, at first glance, because the disputed contractual agreement and the Kansas decision are already before the court, it appears as though additional discovery is not necessary to resolve the pending Motion to Dismiss.

**C.  Weighing Competing Interests**

Finally, the Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268. The Court must decide "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Ministerio*, 288 F.R.D. 500; citing *Mlejnecky, 2011 WL 489743, at *6*.

Here, the Defendants have argued that if a stay is not granted, they will suffer significant hardship. Particularly, they will have to move forward with merit discovery that can result in irreparable damage. Such discovery, according to the Defendants, would also be unnecessary and duplicative. The Defendants believe that this dispute should be resolved in arbitration and that

1  forcing them to go forward with discovery in this case would be unjust.

2  Conversely, the Plaintiffs argue that allowing a stay would be unjust. The Plaintiffs assert
3  that a delay in discovery "may result in Defendants placing . . . valuable assets out of reach of
4  Plaintiffs should [the Plaintiffs] prevail in this action." Response (#21).  Further, the Plaintiffs
5  claim they need discovery "as soon as possible" to determine the alter ego allegations. *Id*.

6  As discussed above, the Defendants have shown that additional discovery is not necessary
7  at this time. Additionally, in light of the fact that this entire case may be referred for arbitration or
8  dismissed, forcing the parties to conduct discovery at this time could cause both parties
9  unnecessary hardship both financially and strategically in their future litigation before an
10  arbitrator or Kansas State Court judge.

11  Additionally, the Court finds that the Plaintiff's arguments for why a stay would be unjust
12  do not overcome the Defendants' showing for why discovery should be stayed.  This is an
13  ongoing contractual dispute and it does not appear that discovery is urgent. Although the
14  Plaintiffs state that they are concerned that the Defendants will hide valuable assets, there is no
15  indication that a delay in discovery would cause such behavior nor that such behavior would be
16  prevented if instead of staying discovery, the parties continued discovery over the next five-
17  months.  Additionally, the Plaintiffs state that time is of the essence for the alter ego claims;
18  however, they have not provided any explanation for this claim. The Court cannot find hardship
19  based on a conclusory statement. Thus, the Court finds that the Plaintiff will not suffer hardship
20  from the stay.

21  Accordingly, having weighed the competing interests of the parties and of the Court, the
22  Court finds that a stay of discovery is appropriate.

23  **II.   Waiving Right to Stay**

24  The Plaintiffs argue that the Defendants waived their right to seek a stay of discovery
25  because they signed a Stipulated Discovery Plan and Scheduling Order. However, the Plaintiff
26  cites no law to support this position. Indeed, parties often move to stay proceedings once
27  discovery has commenced because complying with the Local Rules by entering a discovery plan
28  does not automatically waive a party's right to move for a stay of discovery.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay of Discovery (#19) is **GRANTED**;

DATED this  3rd   day of May, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge