UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS F. PUCKETT, an Individual; and )
ZANSKE, LLC, a Wyoming limited liability )
company, )                                    Case No.: 2:12-cv-01958-GMN-NJK
                          )
        Plaintiffs,       )                   **ORDER**
    vs.                   )
                          )
NEW DAY BROADBAND, LLC, a Nevada )
limited liability company; NEAL SCHNOG, )
an Individual; HIRAM POWELL, an )
Individual; and DOES 1-20, inclusive, )
                          )
        Defendants.       )
                          )

Pending before the Court is the Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration (ECF No. 12) filed by Defendants New Day Broadband, LLC, Hiram Powell, and Neal Schnog (collectively, "Defendants"). Plaintiffs Thomas F. Puckett and Zansk, LLC (collectively, "Plaintiffs") filed a Response (ECF No. 14) and Defendants filed a Reply (ECF No. 15). For the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 12), and the Defendants' alternative requests for relief need not be addressed.

**I.    BACKGROUND**

    **A.    Factual Background**

This case arises from the Limited Liability Company Agreement of New Day Broadband of Quincy, LLC ("LLC Agreement") that was executed on June 1, 2009, by New Day Broadband of Quincy ("NDB Quincy"), New Day Broadband, LLC ("NDB"), Neal A. Schnog ("Schnog"), Hiram Powell ("Powell"), Thomas F. Puckett ("Puckett"), and Zansk, LLC ("Zansk"). (Compl., ¶ 12.) The LLC Agreement provides that Schnog, Powell, and NDB would

manage the daily operations of NDB Quincy. (Compl., ¶ 13.) Concurrently with the execution of the LLC Agreement, NDB, NDB Quincy, Schnog, and Powell executed a Management Agreement. (Compl. ¶ 17.) The Management Agreement provided the specific managerial duties for Schnog, Powell, and NDB. (Compl. ¶ 18.)

### B. State Court Proceedings

On August 30, 2011, Plaintiffs Puckett and Zansk (collectively, "Plaintiffs"), filed suit in Kansas state court against NDB and Powell. (Mot. to Dismiss 3:8-9, ECF No. 12.) In the Kansas action, Plaintiffs relied on two contracts: the LLC Agreement and the Management Agreement. (*Id*. at 3:9-10). In the complaint, Plaintiffs alleged that the LLC Agreement required hiring Powell, NDB, and Schnog to manage the daily operations of the newly formed NDB Quincy and to make decisions that are normal and customary to managers of a limited liability company ("LLC"). (*Id.* at 3:11-13.) Plaintiffs further alleged that Powell and NDB failed to perform their managerial duties. (*Id.* at 3:17-19.) In particular, Plaintiffs alleged that Powell and NDB failed to provide financial reports, failed to report revenues and expenses, and made various misrepresentation or concealments of facts. (*Id.*) Thereafter, NDB and Powell filed a motion to enforce the arbitration provision within the Management Agreement ("Arbitration Agreement"), which the Kansas state court granted and ordered the parties to arbitration. (*Id.* at 4:4-6.) In addition, the Kansas state court ordered a stay on all proceedings pending the completion of arbitration. (*Id.* at 4:10-11.)

### C. Federal Court Proceedings

After the Kansas state court granted the motion to compel arbitration, Plaintiffs also filed a Complaint in this Court. The Complaint alleged largely the same causes of action as the complaint that the Plaintiffs previously filed in Kansas state court. However, the Complaint differs from the state court complaint in two respects. First, in addition to Powell and NDB, the Complaint adds Schnog as a defendant; although Schnog was a manager of NDB Quincy and

was a party to the LLC Agreement and Management Agreement, Schnog was omitted as a defendant in the Kansas state court complaint. Second, in the instant Complaint, Plaintiffs allege that Defendants breached both the LLC Agreement and the Management Agreement. In contrast, in the Kansas state court complaint, Plaintiffs alleged only that NDB and Powell breached the Management Agreement. On December 18, 2012, Defendants filed the instant Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration, asserting that Plaintiffs have filed a duplicative lawsuit in federal court in hope to circumvent the Arbitration Agreement, which the Kansas state court found to govern the dispute between the parties.

## II. MOTION TO DISMISS[1]

Defendants first assert that this Court should dismiss Plaintiffs' Complaint for one of two reasons. First, Defendants contend that because Plaintiffs chose to file their lawsuit in state court, Plaintiffs are prohibited from re-filing this substantially similar action in federal court. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co. (AIU)*, 843 F.2d 1253, 1261 (9th Cir. 1988). Second, Defendants argue that dismissal is appropriate under the *Colorado River* doctrine, which allows federal courts to abstain from hearing repetitive suits to promote "wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).

Alternatively, Defendants argue that the agreements at issue in this case specifically require the parties to submit their disputes to arbitration. Therefore, Defendants contend that, if this Court is not inclined to dismiss this action, the arbitration agreement requires that this Court stay the case and compel arbitration.

For the reasons discussed below, the Court concludes that this case should be dismissed

---

[1] The Court recognizes that Defendants' Motion references Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, this reference is located in the third line of the motion and Rule 12(b)(6) is neither mentioned nor discussed again in the motion. Furthermore, the motion is lacks any argument relating to purported defects in Plaintiffs' Complaint. Accordingly, the Court construes this as a Motion to Dismiss under *Colorado River* and not a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6).

as a duplicative and repetitive lawsuit.  Accordingly, the Court need not address Defendants' alternative requests for relief.

### A.  Duplicative and Repetitive Law Suit

A federal district court has the authority to preclude a plaintiff from filing a repetitive lawsuit in federal court after initially electing to file the same or substantially same lawsuit in state court. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co. (AIU)*, 843 F.2d 1253, 1261 (9th Cir. 1988).  In *Nakash v. Marciano*, the Ninth Circuit held that dismissal is appropriate so long as the parallel federal court case is "substantially similar" to the state court proceedings.  882 F.2d 1411, 1416 (9th Cir. 1989) ("*Nakash's* further argument that the parties are not identical is disingenuous.  The present parties are all named in the California suit; the only difference is the absence of all of the corporate entities owned and operated by the parties.").  In fact, courts routinely recognize that "the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *Enfission, Inc. v. Leaver*, 408 F.Supp.2d 1093, 1096 (W.D. Wash., 2005) (citing *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700-701 (7th Cir.1992) and *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988)); *see also Fireman's Fund Ins. Co. v. Garamendi*, 790 F.Supp. 938, 964 (N.D. Cal., 1992) *aff'd sub nom. Fireman's Fund Ins. v. Quackenbush*, 87 F.3d 290 (9th Cir. 1996) (recognizing that, in *Nakash v. Marciano*, the Ninth Circuit "loosened the requirement that the suits pending in state and federal court involve exactly the same parties or the same claims").

Plaintiffs appear to argue that the policies behind section 1441, as discussed in *AIU*, do not support dismissal in this case because the two actions are insufficiently similar. (Resp. 9:16-10:6.)  Plaintiffs are correct that there are differences between the complaint filed in this Court and the complaint filed in Kansas state court.  First, the federal court complaint names Schnog as a defendant, who was absent from the Kansas state court complaint.  Second, the federal court

complaint alleges claims arising from the LLC Agreement and the Management Agreement, whereas the Kansas state court claim alleged causes of action arising only out of the Management Agreement.

However, these minor distinctions do not preclude a finding that the instant action and the Kansas state court action are parallel proceedings. *See Nakash*, 882 F.2d at 1416 (dismissing the parallel federal lawsuit because both actions arose from the same conduct). Both the instant action and the Kansas state court action arise from Defendants' management of NDB Quincy. Specifically, Plaintiffs seek relief for Defendants' alleged misrepresentations or concealment of facts, Defendants' failure to provide financial reports, and Defendants' failure to report revenues and expenses. Therefore, the Court finds that this is a "'repetitive lawsuit'—a parallel action brought by the same plaintiff in a second forum." *AIU*, 843 F.2d at 1260. As such, Plaintiffs "should not be permitted to accomplish, by the *refiling* of its state court complaint, what would clearly be prohibited if [Plaintiffs] tried to *remove*." *Id.* at 1261.

For these reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Complaint as duplicative and repetitive of the Kansas state court action.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED**, and for the reasons stated above, Defendants' alternative requests for relief need not be addressed.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 5th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge